UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| GREG DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 3:97-CV-0600 RM ) |
| GEORGE COOK, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Greg Davis, an Indiana prisoner confined at the Maximum Control Facility ("MCF"), submitted a complaint under 42 U.S.C. § 1983, and an application to proceed without full prepayment of fees and costs pursuant to 28 U.S.C. § 1915. The court granted Mr. Davis's request to proceed *in forma pauperis*, assessed an initial partial filing fee, and ordered him to pay the balance of the filing fee by installments as required by § 1915(b).

Section 1915A requires the court to review the merits of a prisoner's complaint and to dismiss it if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint states no actionable claim when it appears beyond doubt that the plaintiff can prove no set of facts consistent with his complaint that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 791 (7th Cir. 1996). When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972). The court must accept the well-pleaded factual allegations as true, and

"construe such allegations in favor of the plaintiff." Sherwin Manor Nursing Ctr. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994); *cert. denied*, 116 S.Ct. 172 (1995). Although ambiguities in the complaint should be interpreted in the plaintiff's favor, Canedy v. Boardman, 16 F.3d 183, 188 (7th Cir. 1994), the court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint, Coates v. Illinois State Bd. of Educ., 559 F.2d 445, 447 (7th Cir. 1977), or ignore factual allegations set forth in the complaint that undermine his claim. City Nat'l Bank of Florida v. Checkers, Simon & Rosner, 32 F.3d 277, 281 (7th Cir. 1994).

Mr. Davis sues MCF Food Service Supervisor George Cook and Correctional Officer M Riffle for damages.[1] He alleges that on July 18, 1997, Mr. Cook violated the Eighth Amendment's prohibition against cruel and unusual punishments by denying him "a clean food tray after hair was found in my food tray." He alleges that Officer Riffle violated his Eighth Amendment rights "when he laughed at me . . . for complaining about hair that was found in my food tray and requesting another food tray."

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994); Wilson v. Seiter, 501 U.S. 294

---

[1] Mr. Davis sues Mr. Cook in his official capacity and Officer Riffle in his individual capacity. The Eleventh Amendment precludes an action against state officials for damages in their official capacities, Kentucky v. Graham, 473 U.S. 159, 167 (1985). Indiana has not waived its Eleventh Amendment immunity. Meadows v. State of Indiana, 854 F.2d 1068, 1069 (7th Cir. 1988). Moreover, state officials, in their official capacities, are not "persons" within the meaning of § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).

(1991). Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment, Farmer v. Brennan, 511 U.S. at 833-834, and "inmates cannot expect the amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988).

Prisoners are entitled to "the minimal civilized measure of life's necessities," and the Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter. Farmer v. Brennan, 511 U.S. at 832. But conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. Adams v. Pate, 445 F.2d 105, 108-109 (7th Cir. 1971); Del Raine v. Williford, 32 F.3d 1024, 1050 (7th Cir. 1994) (Manion, J. concurring). Moreover, conditions that are temporary and do not result in physical injury are not actionable under the Eighth Amendment. *See e.g.* Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (constitution not violated when prisoner was forced to sleep on the floor for one night); Morisette v. Peters, 45 F.3d 1119, 1123 n. 6 (7th Cir. 1994) (when confinement is temporary and no physical harm is alleged, a dirty cell does not support an Eighth Amendment claim); Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988) (being deprived of toilet paper for 5 days; soap, toothpaste, and a toothbrush for 10 days; and kept in a filthy, roach infested cell does not violate the constitution when the conditions were temporary and the plaintiff suffered no physical harm); Cunningham v. Jones, 667 F.2d 565 (6th Cir. 1982) (allegation of only one meal per day for fifteen days states no claim where that meals are adequate to maintain health). Mr. Davis's allegation that he missed one meal on one occasion, at most, describes a temporary inconvenience to him, and not a situation in which prison officials are deliberately serving him nutritionally inadequate food.

3

Mr. Davis alleges that Officer Riffle laughed at him when he requested a different food tray. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Verbal abuse or harassment is not sufficient to state a claim under § 1983, Ivey v. Wilson, 832 F.2d at 955; Oltarzewksi v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Davis v. Michigan Department of Corrections, 746 F.Supp. 662, 667 (E.D. Mich. 1990), and neither is derisive laughter. Even giving the plaintiff the benefit of every doubt, his allegations fall well short of the severity contemplated by the Eighth Amendment, and fail to state a claim upon which relief can be granted.

For the foregoing reasons, the court DENIES the plaintiff leave to proceed against the defendants on the claims presented in his complaint, and DISMISSES this cause of action. The court advises the plaintiff that the law regarding the claims presented in this case is so clear that any attempted appeal of this dismissal may be found to be in bad faith pursuant to 28 U.S.C. § 1915(a)(3), which would disqualify him from proceeding *in forma pauperis* on appeal.

SO ORDERED.

ENTERED: February 11, 1998

s/Robert L. Miller, JR.
Robert L. Miller, Jr., Judge
United States District Court